## FOX v. MCCOMB et al.

(Supreme Court, General Term, First Department. February 18, 1892.)

**1. CORPORATIONS—SUBSCRIPTIONS TO STOCK—PAYMENT.**

A building company subscribed to stock of an incorporated apartment association upon an agreement that the subscription should be paid by the construction of a building for the association, which was done. One of the members of the building company, having taken mortgages on the land on which the building was erected to secure advances to the enterprise, foreclosed them, making the association a party to the foreclosure suit, and realized a large sum. The association became insolvent, and a receiver of its property was appointed. Held, that such receiver could not maintain an action against members of the company on the ground that, the company having been defectively organized, they were copartners, and that the sum realized by the foreclosure was a payment back to them of their subscription.

**2. RES ADJUDICATA—FINDINGS OF REFEREE ON MATTER NOT IN ISSUE.**

A finding by a referee in an action to foreclose mortgages that contracts with the defendants, in the name of a company, which would have bound it if legally incorporated, were the joint contracts of the plaintiff and another, who were members of such company, and binding upon them personally, no such issue being presented in the action, is not conclusive against them.

Exceptions from circuit court, New York county.

Action by Austen G. Fox, as receiver of the property of the Madrid Apartment Association, against James Jennings McComb and Jose F. De Navarro, to recover subscriptions to stock. Plaintiff moves for a new trial on exceptions ordered to be heard in the first instance at general term. Exceptions overruled, and judgment for defendants.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

Theall & Beam, (Albert Stickney, of counsel,) for plaintiff. Martin & Smith, (Geo. A. Strong, of counsel,) for defendant McComb.

VAN BRUNT, P. J. The plaintiff, by his complaint, alleged the incorporation of the Madrid Apartment Association in December, 1881, and that in April, 1889, in an action in the supreme court, wherein the people were plaintiffs and the Madrid Apartment Association was defendant, a judgment was duly entered adjudging and declaring that said corporation was insolv-

ent, and had remained insolvent for at least a year, and that it had also suspended its ordinary and lawful business for more than a year, and that said association be, and it thereby was, dissolved; that the plaintiff was duly appointed receiver for the purpose of winding up and closing its affairs; and that said receiver duly qualified and entered upon the performance of the duties of said receivership. He further alleged that during all the times mentioned in said complaint the defendants were doing business in the city of New York under the name and style of the "Central Park Building Company, Limited;" and that in or about the year 1884 the defendants had undertaken and were engaged in the enterprise of building the apartment houses of the said association in the city of New York, and on the 14th of January, 1884, subscribed for six shares of the capital stock of said corporation of the par value of $105,500, and procured and caused said corporation to issue to themselves and certain other persons on their behalf the said six shares as full-paid stock, and thereupon the defendant agreed with said corporation to pay for said six shares the full amount of the par value aforesaid, and that such moneys of the defendant as should be appropriated to the construction of said building should be considered and taken to be *pro tanto* in payment for said shares. The complaint further alleges that up to the 14th of January, 1884, and thereafter, certain moneys of the defendants were in the construction of the building contributed from time to time up to about June 1, 1885, and these in all amounted to $226,814.13; and that thereafter the defendants procured to be paid back to them or to the defendant McComb $194,367.87 of the sum so contributed, so that the said corporation has received in all upon the six shares so subscribed for, either in money, property, or other consideration, the sum of only $32,446.26, and that by reason of the premises there was due and owing from the defendants to the plaintiff the sum of $72,553.74, with interest thereon since the 14th of January, 1884.

The defendants put in a general denial; and the plaintiff, to sustain the issues on his part, introduced evidence by which he claimed to show that the Central Park Building Company was in form organized on the 22d of May, 1883, for the purpose of constructing the apartment houses of the Madrid and other associations, which construction was then in progress; and in June, 1883, the defendant McComb became interested in this enterprise, and made a subscription to the stock of the Central Park Building Company, which he never paid; and that it was the original intent of the two defendants in this action to control the entire enterprise, and to divide its entire profits between themselves as individuals; that they purposely omitted to contribute any cash capital to the co-called "corporation," or to give it any property; that its business and property were controlled by the defendants; a subscription by the Central Park Company to the stock of the Madrid Association, which is the stock referred to in the complaint; that the alleged corporation was not a corporation, because of defects in its organization; and that the individual defendants were therefore liable as partners on all contracts made in the name of said company, they virtually doing business as copartners under such corporate name. It further appeared that the defendant McComb had received mortgages from the persons in whom the title stood of the land upon which the Madrid apartment house was erected, to secure advances made by him to the enterprise; that McComb commenced an action to foreclose said mortgage, the Madrid Association and others being parties to the action, and putting in answers, and litigating the right of McComb to foreclose; and that, upon a trial before a referee of the issues thus raised, the right of McComb to foreclose was established, and a judgment of foreclosure and sale entered upon the report of such referee, and in pursuance of such judgment the premises upon which the Madrid apartment house stood were sold, and the sum of $194,367.87, referred to in the complaint, realized. It further appeared that

the referee in that action, at the request of the Madrid Apartment Association and others, defendants therein, found as a conclusion of law that all contracts and transactions made or done in the name of the Central Park Building Company, which, if it had been legally organized and incorporated, would have bound it as a corporation, were the joint contracts and transactions of McComb and De Navarro, the defendants herein, and were binding upon them personally. This conclusion, however, was not incorporated by the referee in his report, and consequently forms no part of the judgment roll, although it seems to have been included therein as made up and offered in evidence in this action. *Nobis* v. *Pollock*, (Sup.) 6 N. Y. Supp. 273. Upon the conclusion of the plaintiff's case a motion was made to dismiss the complaint upon various grounds; among others, that, if the action is to be treated as one upon the subscription to the capital stock of the Madrid Association, then both the pleadings and the evidence establish that the subscription has been fully paid. The motion was granted. The plaintiff duly excepted, and the exceptions were ordered to be heard in the first instance at the general term.

A large number of questions were discussed in the briefs of counsel, interesting in themselves, but which appear to us to have no relevancy to the real question presented by the pleadings in this action; and it is to be presumed that the nature of the claim of the plaintiff must be controlled by the allegations in the pleadings, and that, unless the cause of action therein set out was established, the complaint was rightly dismissed. The complaint alleges a subscription to the stock of the Madrid Apartment Association by the defendants, and that it was agreed that such moneys of the defendant as should be appropriated to the construction of the building of the Madrid apartment house should be considered and taken to be *pro tanto* in payment for said shares; and that the defendants expended in the construction of this building, up to June 1, 1885, a sum more than twice greater than the par value of the stock for which they had subscribed. It is then alleged that the defendants procured to be paid back to the defendant McComb a large sum of money, so that the corporation had received upon said stock subscription only about one-third of its par value. From the evidence it appears that this sum which it is alleged was procured to be paid back was the result of the foreclosure proceedings above mentioned. We have, then, this condition of affairs upon the allegations of the complaint and the proofs: That the defendants had subscribed for this stock, and had paid for it, and that one of them had then brought an action to foreclose a mortgage as against the association, of which the plaintiff is the successor, and others, which they defended, and had therein procured a judgment of foreclosure and sale, and realized a large sum of money thereunder, which is the amount referred to in the plaintiff's allegation that the defendants procured to be paid back to them or to the defendant McComb $194,367.87 of the sum of $226,814.13 so contributed. This judgment of foreclosure was an adjudication that McComb was entitled to recover that money, and that adjudication was binding upon the Madrid Association and the plaintiff as its successor, which is absolutely inconsistent with any claim that such sum formed any part of the subscription which the defendants in this action had made to the stock of the Madrid Apartment Association, and which subscription they had, according to the allegations in the complaint, fully paid. Therefore the allegation that the defendant McComb procured to be paid back any part of the sum of the subscription contributed is not established, and consequently the cause of action alleged in the complaint was not proved.

If it should be urged that the findings of the referee in the foreclosure suit made at the request of the Madrid Association and the other defendants, in respect to the individual liability of the defendants in this action, is also conclusive upon them, it may be observed that no such issue was presented in the foreclosure action, and was a mere expression of opinion upon the part of

the referee, and in no way entered into his report; the validity of the incorporation of the Central Park Building Company, and the relations of the defendant McComb with the defendant De Navarro, being entirely foreign to the question as to whether McComb was a creditor of the Madrid Association, and had a right to recover his debt. And, furthermore, even if such findings could possibly be binding upon the parties to the action at bar, and the defendants were to be deemed individually liable for the contracts of the Central Park Building Company, yet, as we have already seen, there is no contract or obligation with the Madrid Association which it is alleged that they have not fulfilled. The exceptions should be overruled, and judgment ordered for defendants, with costs.

LAWRENCE, J., concurs.

O'BRIEN, J., (concurring.) The complaint alleges, the answer admits, and the evidence shows, that the subscription to the stock was fully paid. Thereafter McComb, claiming to be a creditor, and having certain collateral mortgages given him as security, brought suit to foreclose them, and it was therein determined that he was such creditor, and, pursuant to the judgment, he received the moneys now sought to be recovered. The Madrid Association was a party to such suit, contested the claim, and was beaten, and the judgment was enforced against property not then, though formerly, held by the association. These facts cannot be reconciled with a recovery in a cause of action based on the theory that such money was illegally procured to be paid respondent, or for money had and received. We assume, however, that the theory of partnership liability by reason of defective corporation is the one relied upon. Considering the evidence, it is clear that the Central Park Company was at least a de facto corporation, and its validity as against all but the state was thus established. The fundamental principle upon which the whole of appellant's structure is built being destroyed, and it appearing, as to him, that the Central Park Company was a valid corporation, the contracts being in the corporate name, the defendant McComb is protected from individual liability, and cannot be held as a partner. I therefore concur in the conclusion reached by the learned presiding judge.